IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRADFORD W. MANNING,**

        Plaintiff

vs.                                                                                            Civ. No. 98-1145 JC/LCS

**KENNETH S. APFEL,**
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision**,** filed June 9, 1999. The Commissioner denied Plaintiff's request for Title II benefits. Plaintiff alleges a disability due to depressive disorder, obsessive-compulsive disorder, anxiety-related disorders, and personality disorders.

2. Plaintiff is a 43 year old male with a Ph.D. degree in pharmacology who suffers from obsessive-compulsive disorder, depression, anxiety and alcoholism. He received his Ph.D. degree in 1991. His psychological problems are of long standing, and he attended school part-time because of them. After obtaining his degree, he was employed from 1991 until September of 1993 with Duke University, a position he left apparently due to moving to New Mexico. He obtained employment with the University of New Mexico in June of 1994 and worked until September of 1994.

3. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. A Request for Review was denied by the Appeals Council. Plaintiff then filed an appeal of the ALJ's decision in federal district court pursuant to 42 U.S.C. § 405 (g).

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the decision of the ALJ, is supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.*

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)). A five step sequential test is used to determine disability and the evaluation ends when the claimant is found disabled or not disabled. *Id.*

6. The first two steps in the evaluation process are not in controversy. However, The ALJ considered conflicting evidence as to step three, and ultimately determined that Plaintiff did not meet a listed impairment. Tr. p. 14. Plaintiff submitted questionnaires from his treating psychologist and psychiatrist in which they opined that his disorders exerted "marked" or "extreme" restrictions on activities of his everyday living, maintaining social functioning, concentration, persistence or pace, or causing deterioration or repeated episodes of decompensation in work settings. Tr. pp. 231, 239 and 247. A finding of "marked" or "extreme" in two or more categories conclusively establishes disability. See 20 C.F.R. 404 Subpt. P., App. 1, Sec. 12.00 et seq.

However, the ALJ also received a report from a disability examiner which opined that Plaintiff's disorders exerted no more than moderate limitations on any activities of his daily living. The ALJ then prepared a similar assessment finding that Plaintiff's psychological problems did not limit his activities of everyday living to more than a "moderate" degree. Plaintiff points out that the opinions of the treating doctors are entitled to substantial weight, however, the ALJ cited to specific evidence in the record (the Plaintiff's own testimony at the hearing) that supported his determination that Plaintiff's impairments are moderate, rather than marked or extreme. See. Tr. pp. 13-14. The ALJ also noted that Plaintiff testified to only a single episode of decompression, not repeated episodes. Tr. p. 14. The Court therefore proposes finding that the ALJ's determination that the Plaintiff does not meet the listings for disability due to mental impairment is supported by substantial evidence.

6. Plaintiff also contends that the ALJ's determination that he has the residual functional capacity to return to his prior employment is not supported by substantial evidence. The Plaintiff testified that he had trouble interacting with people, and, although he was able to get along with them, the stress of interacting caused him to have to miss work. The ALJ determined that in Plaintiff's prior employment as a researcher and lab worker, the demands of interpersonal relations were sufficiently slight, and the time frame for completing the research was sufficiently flexible, that Plaintiff could still manage to perform this type of work.

When asked why he could not perform in a work environment similar to his post doctoral work at Duke University and as a student, Plaintiff testified that "those situations don't exist".[1] Tr. p. 34. However, Plaintiff's employment with the University of New Mexico, from June, 1994 to September,1994, belies his testimony. He testified that "There were very few demands" during these several months of work, and additionally, he did not provide evidence that he left his earlier job at Duke University for any reason other than to move to New Mexico. In his brief, Plaintiff cites to the testimony of his wife, who is employed in the same field. She testified that "the job entails a lot of writing...designing experiments...being able to convince people that what I'm doing is important. I think the political aspect of it or the ability to interact and make, convince people either in writing or frequently by giving talks or by interacting with sponsors." However, his wife was testifying about of the process of obtaining grants to do research, while Plaintiff testified that his employment has been limited to doing the research itself. Accordingly, the Court finds that Plaintiff's own description of his prior employment constitutes substantial evidence supporting the ALJ's decision that Plaintiff possesses the Residual Functional Capacity to return to his prior job, and thus is not disabled at step four.

---

[1] Were the ALJ analyzing this claim at step five, it would be the Commissioner's burden to show that a significant number of jobs exist in the national economy for an individual with Plaintiff's impairments. However, at step four, the burden is on the Plaintiff to establish that he does not possess the Residual Functional Capacity to return to his prior employment. That Plaintiff's prior employment may not exist in significant numbers in the national economy does not appear to be material in the step four analysis. See Soc. Sec. LP Sec.43:111 (Timothy E. Travers et al. eds., rev. ed. 1999). This distinction, dispositive in this case, should perhaps be reexamined.

**Recommended Disposition**

I recommend denying the Plaintiff's Motion to Remand Administrative Agency Decision. Within ten days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636 (b)(1)(C), file with the Clerk of the District Court written objections to them. A party must file any objections within the ten day period if it desires further review; in the absence of timely filed objections, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE